# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Service Employees International
Union, Local 26,

        Plaintiff,

                              Civ. No. 08-6424 (RHK/FLN)
                              **MEMORANDUM OPINION
                              AND ORDER**

v.

Harvard Maintenance of New York, Inc.,

        Defendant.

---

Brendan D. Cummins, Miller O'Brien Cummins, PLLP, Minneapolis, Minnesota, for
Plaintiff.

Perry S. Heidecker, Milman Labuda Law Group, PLLC, Lake Success, New York, Tracy
Holmes Donesky, Leonard Street and Deinard, PA, Minneapolis, Minnesota, for
Defendant.

---

## INTRODUCTION

     In this action, Plaintiff, Service Employees International Union, Local 26 (the

"Union"), moves for judgment on the pleadings, seeking to compel arbitration of a

dispute under the terms of a Collective Bargaining Agreement to which it and the

Defendant, Harvard Maintenance of New York, Incorporated ("Harvard"), are

signatories.  For the reasons set forth below, the Court will grant the Motion, finding as a

matter of law that the parties' dispute is arbitrable.

# BACKGROUND

At all times material herein, the Union and Harvard were parties to a Collective-Bargaining Agreement (the "CBA") between the Union and the Minneapolis-St. Paul Contract Cleaners Association.  (Compl. Ex. A.)  A grievance procedure is outlined in the CBA.  (Id. (Article 23).)  For grievances defined as "any difference of opinion, controversy or dispute arising between the parties hereto relating to any matter of compensation, hours and working conditions of (sic) the interpretation or application of any of the provision (sic) of this Agreement" (id. (Article 23.1)), the CBA provides a three-step grievance procedure.  (Id. (Article 23.2).)  This procedure culminates in arbitration if the grievance remains unsettled after the third step.  (Id.)  The CBA defines the authority of the arbitrator as follows:

> The Arbitrator shall have the authority to apply the provisions of this Agreement and to render a decision of any grievance properly coming before him/her, but he/she shall not have the authority to amend or modify this Agreement or to establish any terms or conditions of this Agreement nor shall he/she have the authority to award back pay to an employee in a discharge case of (sic) a period greater than thirty (30) working days beyond the date the arbitrator is selected.

(Id. (Article 23.4).)

The dispute in this case centers on Article 15 of the CBA.  This Article states in part that:

> [E]ach member Company shall have the option of providing full-time employees either (but not both) of the following plans: (a) the SEIU HCAT Purple 1 plan for single or the SEIU HCAT Violet D (family) plan: or (b) A Company health and welfare plan offering comparable benefits as provided by either the SEIU HCAT Purple 1 Plan or the SEIU HCAT Violet D (family) plan, as the case may be.

(Id. (Article 15.1).)  On November 21, 2008, the Union requested a copy of Harvard's

health plan to determine whether it was "offering comparable benefits."  (Id. ¶ 4.)

Harvard complied and upon review, the Union concluded that Harvard's health plan was

not comparable and initiated a grievance.  (Id. ¶¶ 4-6.)  On December 16, 2008,

Harvard's Vice President and General Manager refused to submit the matter to

arbitration, asserting that the grievance was not substantively arbitrable.  (Id. ¶ 7; Ex. C.)

On December 17, 2008, the Union faxed a letter to Harvard indicating that if Harvard

failed to follow the grievance procedure outlined in the CBA, it would file a lawsuit to

compel arbitration.  (Id. ¶ 9.)

        On December 19, 2008, the Union commenced the instant action seeking an order

compelling arbitration of the parties' dispute pursuant to the Labor Management

Relations Act, 29 U.S.C. § 185, and the Federal Arbitration Act, 9 U.S.C. § 4.  (Id. ¶¶ 10-

16.)  Harvard asserted a counterclaim seeking a permanent stay of arbitration,

maintaining that the grievance at issue is not substantively arbitrable.  (Countercl. ¶¶ 1-

36.)  Specifically, it claims that the CBA called for an increase in premium payments for

those employers with HCAT plans, but that the Union "used the increased HCAT health

care premiums to provide additional benefits to the workers over and above the benefits

that were originally provided to the workers when the CBA went into effect" (id. ¶¶ 15-

17); accordingly, if an arbitrator were to require it to increase its benefits, the arbitrator

would exceed his or her authority by establishing "terms or conditions" of the agreement,

in contravention of Article 23.4 of the CBA.  (Id. ¶¶ 30-31.)  The Union now moves for

judgment on the pleadings.

## STANDARD OF REVIEW

Rule 12(c) of the Federal Rules of Civil Procedure provides that, "[a]fter the pleadings are closed ─ but early enough not to delay trial ─ a party may move for judgment on the pleadings."  A motion for judgment on the pleadings may only be granted if the moving party clearly establishes that no material issue of fact remains to be resolved and the moving party is entitled to judgment as a matter of law.  Potthoff v. Morin, 245 F.3d 710, 715 (8th Cir. 2001).  In determining whether material issues of fact exist, the court must accept all facts pleaded by the non-moving party as true and draw all reasonable inferences in favor of the non-moving party.  Id.; Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990).

## ANALYSIS

Harvard argues that the CBA does not provide for arbitration regarding the Union's alleged unilateral change in health benefit requirements, presenting an issue of substantive arbitrability for the Court to determine -- that is, whether the subject matter of the grievance falls within the scope of the agreement to arbitrate.  United Steelworkers of Am., Local No. 164 v. Titan Tire Corp., 204 F.3d 858, 860 (8th Cir. 2000).  Accordingly, the Court must determine whether the grievance on its face implicates "any difference of opinion, controversy or dispute arising between the parties hereto relating to any matter of compensation, hours and working conditions of (sic) the interpretation or application of any of the provision (sic) of this Agreement."  (Compl. Ex. A)

When a party claims that a dispute is arbitrable, two threshold questions arise: first, whether a valid agreement to arbitrate exists, and second, if such an agreement does

exist, whether the scope of the arbitration provision "arguably cover[s] the dispute at hand." Lipton-U. City, LLC v. Shurgard Storage Ctrs., Inc., 454 F.3d 934, 937 (8th Cir. 2006). In answering these questions, the Court must be mindful that there exists a strong federal policy favoring arbitration and that doubts must be resolved in favor of arbitration. E.g., CD Partners, LLC v. Grizzle, 424 F.3d 795, 800 (8th Cir. 2005).[1] Moreover, "the party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." Green Tree Fin. Corp. v. Randolph, 531 U.S. 79, 91 (2000). The Court must address the issue of substantive arbitrability without considering the merits of the underlying grievance. Marathon Ashland Petroleum, LLC v. Int'l Bhd. of Teamsters, 300 F.3d 945, 950 (8th Cir. 2002).

The parties do not dispute the validity of the agreement to arbitrate. Therefore, the Court need only address its scope, which "is a matter of contract." Koch v. Compucredit Corp., 543 F.3d 460, 463 (8th Cir. 2008) (quoting United Steelworkers of Am. v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582 (1960)). The interpretation of a collective bargaining agreement made pursuant to the Labor Management Relations Act is governed by federal substantive law. Barrett v. Safeway Stores, Inc., 538 F.2d 1311, 1313 n.2 (8th Cir. 1976). However, the Court may "employ principles of state contract

---

[1] There is also a threshold issue as to who determines the issue of arbitrability – in other words, does the Court or an arbitrator decide whether the dispute is arbitrable? Unless the parties "clearly and unmistakably" delegated that question to the arbitrator, however, it is to be answered by the Court. AT & T Techs., Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 649 (1986); accord First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995). Here, there has not been a "clear and unmistakable" delegation of the arbitrability question to an arbitrator and the parties do not argue otherwise. Hence, the Court will decide the issue.

law, if compatible with the purposes of § 301, in applying the contract to the facts of a particular case." Id. (citation omitted).

The CBA in the instant case is unambiguous and the Court interprets it according to its plain and ordinary meaning.  It provides for the arbitration of disputes relating to "the interpretation or application of any of the provision (sic) of this Agreement."  This language is quite broad and no clear exception to the arbitration clause can be found on the face of the agreement.  Where there is a broad arbitration clause, "[a]bsent any clear exclusionary language . . . the presumption in favor of arbitration carries the day." Teamsters Local Union No. 688 v. Indus. Wire Prods., Inc., 186 F.3d 878, 882 (8th Cir. 1999).

A plain, common-sense reading of the CBA also leaves little doubt that the arbitration provision covers the instant dispute.  The Union's grievance contends that Harvard violated Article 15 of the CBA by failing to provide health plan benefits comparable to those of the HCAT plans.  Harvard essentially argues that it has not violated Article 15 of the CBA because the CBA does not allow the Union to unilaterally increase benefit requirements.  Thus, the Union's claim necessarily and directly arises out of the CBA and, hence, falls within the ambit of the arbitration clause in that agreement.

In Titan Tire, the Eighth Circuit determined that a grievance similar to that at issue here fell within the scope of a CBA so as to be substantively arbitrable.  204 F.3d at 859-61.  There, the grievance addressed "a unilateral change in the copayment percentage of the group medical insurance plan."  Id. at 860.  The employer argued that the grievance was not subject to arbitration because it was not within the scope of the CBA.  Id.  In

concluding that the grievance was substantively arbitrable, the Eighth Circuit noted that it "concern[ed] a dispute over the meaning, interpretation, or application of the provision in the CBA pertaining to health insurance coverage." Id. at 861. Thus, the court held that the "presumption of arbitrability prevails when an arbitration clause contains no clear, exclusionary language." Id. (citation omitted).

The Union's grievance in the instant case similarly implicates a provision in the CBA pertaining to health plan benefits -- Article 15. In fact, the CBA explicitly addresses the issue of comparable health plans, which is the subject matter of the grievance. Furthermore, the arbitration provision "contains no clear, exclusionary language" regarding the arbitration of disputes involving the health plans. Id. at 861.

Harvard asserts that the CBA does contain an exclusionary provision:

> The Arbitrator . . . shall not have the authority to amend or modify this Agreement or to establish any terms or conditions of this Agreement nor shall he/she have the authority to award back pay to an employee in a discharge case of (sic) a period greater than thirty (30) working days beyond the date the arbitrator is selected.

(Compl. Ex. A (Article 23.4).) However, this provision does not limit the substantive claims subject to arbitration, but instead limits the *remedies* the arbitrator may provide. Moreover, even if the caveats in Article 23.4 create some ambiguity, such uncertainty would not be sufficient to overcome the well-established presumption in favor of arbitrability. See Morgan v. Smith Barney, Harris Upham & Co., 729 F.2d 1163, 1165 (8th Cir. 1984) (stating that "when contract language is ambiguous or unclear, a healthy regard for the federal policy favoring arbitration requires that any doubts concerning the

scope of arbitrable issues should be resolved in favor of arbitration.") (internal quotation marks and citation omitted).

Harvard's arguments are unavailing as they are generally directed toward the merits of the grievance filed by the Union.  For instance, it asserts that "the CBA does not require Harvard to match increases in the Local 26 HCAT benefit levels" and therefore, an opinion from an arbitrator requiring such increases would "re-write the CBA."  (Mem. in Opp'n at 3-4.)  However, the Court may not consider the merits of the grievance, but only "whether the grievance on its face implicates" an article of the CBA.  Marathon, 300 F.3d at 949.  Importantly, Harvard does not argue that the subject matter raised by the grievance is simply not found within the CBA.  Because the Union's grievance raises issues under Article 15 of the CBA, the "arbitration agreement applies to the subject matter at hand."  Int'l Ass'n of Bridge, Structural, Ornamental, & Reinforcing Ironworkers, Shopman's Local 493 v. EFCO Corp. & Constr. Prods., Inc., 359 F.3d 954, 956 (8th Cir. 2004).

In sum, the Supreme Court has stated that, "[a]n order to arbitrate [a] particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage."  United Steelworkers, 363 U.S. at 582-83.  In this case, a plain, common-sense reading of the CBA indicates that the dispute at

hand is arbitrable as a matter of law, and therefore, the Motion for Judgment on the Pleadings must be granted. [2]

## CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that the Union's Motion for Judgment on the Pleadings (Doc. No. 15) is **GRANTED**, Harvard's Counterclaim (Doc. No. 2) is **DISMISSED**, and Harvard is hereby **ORDERED** to comply with the grievance procedure outlined in Article 23 of the CBA.[3]

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: May 11, 2009

s/Richard H. Kyle
RICHARD H. KYLE
United States District Judge

---

[2] While the Court determines that the grievance is substantively arbitrable, it expresses no opinion regarding the merits of the grievance.

[3] As the Motion for Judgment on the Pleadings is granted, Harvard's Objections to the Magistrate Judge's Order Granting the Union's Motion for a Protective Order to Preclude Discovery (Doc. No. 32) are moot.